Brian M. Bush (State Bar No. 294713)
BRIAN M. BUSH | Attorney at Law PC
Plaza Tower 1
600 Anton Boulevard, 11th Floor
Costa Mesa, California 92626
P: (714) 371-2120
E: brian@bush4justice.com

*Attorney for Plaintiff, Marc A. Lucero*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC A. LUCERO, an Individual,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, a Municipal Public Entity; and DOES 1-30, Inclusive,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT**<br><br>1. Civil Rights Violations, Failure to Protect—42 U.S.C. § 1983<br>2. Civil Rights Violations, Failure to Intervene—42 U.S.C. § 1983<br>3. Supervisory Liability—42 U.S.C. § 1983<br>4. Negligence<br>5. Negligence, Failure to Summon Medical Aid<br>6. Intentional Infliction of Emotional Distress<br>7. *Monell*—42 U.S.C. § 1983<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marc A. Lucero, an individual, by and through his attorney, based upon information and belief according to information known at this time and Plaintiff's best memory of the events recalled, alleges as follows:

## PARTIES

1.  Plaintiff Marc A. Lucero (hereinafter, "Plaintiff") is a 34-year-old individual currently residing in Sacramento County, California. At all times relevant to this Complaint Plaintiff resided in the Sacramento County, California.

2.      Defendant County of Sacramento (hereinafter, "Defendant COUNTY" or simply, "the COUNTY") is a municipal public entity. Upon information and belief, the COUNTY is responsible for and administers the Sacramento County Sheriff's Office (hereinafter, "SCSO"), which in turn promulgates policies and practices for the housing, custody, care, safe keeping, medical care and protection of inmates in the COUNTY Detention Facilities including the Main Jail ("JAIL"). The COUNTY, through its component departments including SCSO, operates, oversees, administers, supervises, and is otherwise responsible for the conduct of SCSO and its deputies, officers, employees and agents acting within the COUNTY's jurisdiction, including the acts and omissions of SCSO deputies and employees acting within the course and scope of their duties. At all times relevant to the allegations herein, Defendant COUNTY, through its component departments including SCSO, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the SCSO, to assure that said actions, policies, rules, regulations, practices and procedures of the SCSO and its employees and agents comply with the laws and constitutions of the United States and of the State of California.

3.      At all times relevant herein, DOES 1-10 were deputies, agents, or employees of Defendant COUNTY and SCSO and were acting in the course and scope of their employment and agency and under color of law as on-duty Sheriff's deputies or employees when the acts alleged herein took place. On the date of the incident as hereinafter alleged, said DOES 1-10, by virtue of their employment as officers, agents, or employees of Defendant COUNTY and SCSO, and pursuant to their oath as law enforcement professionals, were at all times empowered to act under color of law to assure the protection of Plaintiff's constitutional and legal rights throughout their encounter with Plaintiff, including while transporting Plaintiff—a JAIL inmate at the time of the incident—to and from the JAIL, and had a legal duty

and moral obligation to do so.

4.    At all times relevant herein, DOES 11-20 were California Highway Patrol (hereinafter, "CHP") officers, employees, and/or agents employed, hired, and/or retained by CHP and were acting in the course and scope of their employment and agency and under color of law as on-duty CHP officers or employees when the acts alleged herein took place. On the date of the incident as hereinafter alleged, said DOES 11-20, by virtue of their employment as officers, agents, or employees of the CHP, and pursuant to their oath as law enforcement professionals, were at all times empowered to act under color of law to assure the protection of Plaintiff's constitutional and legal rights throughout their encounter with Plaintiff, including while responding to an emergency JAIL transport bus fire wherein Plaintiff was trapped in the bus while it was smoking and burning, and had a legal duty and moral obligation to do so.

5.    At all times relevant herein, DOES 21-25 were SCSO employees holding supervisory rank and authority over DOES 1-10, and were acting in the course and scope of their employment and agency and under color of law when the acts alleged herein took place. On the date of the incident as hereinafter alleged, said DOES 21-25, by virtue of their employment as ranking officers over DOES 1-10, and pursuant to their oath as law enforcement professionals, were at all times empowered to act under color of law to assure the protection of Plaintiff's constitutional and legal rights from the negligent or illegal acts and omissions of their subordinates, DOES 1-10, on-scene during the incident hereinafter alleged, and/or after the incident by making sure not to ratify through their own conduct, the negligent and illegal acts of their subordinates, DOES 1-10.

6.    At all times relevant herein, DOES 26-30 were CHP employees holding supervisory rank and authority over DOES 11-20, and were acting in the course and scope of their employment and agency and under color of law when the acts alleged herein took place. On the date of the incident as hereinafter alleged, said DOES 26-

30, by virtue of their employment as ranking officers over DOES 11-20, and pursuant to their oath as law enforcement professionals, were at all times empowered to act under color of law to assure the protection of Plaintiff's constitutional and legal rights from the negligent or illegal acts and omissions of their subordinates, DOES 11-20, on-scene during the incident hereinafter alleged, and/or after the incident by making sure not to ratify through their own conduct, the negligent and illegal acts of their subordinates, DOES 11-20.

7.      Plaintiff is ignorant of the true names and/or capacities of the Defendants sued as DOES 1-30, inclusive, and therefore Plaintiff sues these Defendants by such fictitious names. Following further investigation and discovery, Plaintiff will seek leave of this Court to amend his Complaint to allege their true names and capacities when ascertained. These fictitiously named Defendants are responsible in some manner for the acts, occurrences, and events alleged herein. These Defendants acted in principal and/or aided and abetted and/or conspired with each other and with the other named Defendants in the wrongful acts and course of conduct or otherwise negligently caused the damages and injuries claimed herein and are responsible in some manner for the acts, occurrences, and events alleged in this Complaint.

8.      At all times relevant to this case, and as regards all acts and omissions relevant to this case, each of the Defendants, whether referred to by his or her or its actual name or fictitious name, were agents, servants, or employees of their co-defendants and in doing the things alleged were acting within the scope of their authority as agents, servants, and employees and with the permission, consent, ratification, and condonation of their codefendants.

**JURISDICTION & VENUE**

9.      This action is brought pursuant 42 U.S.C. §§ 1983 and 1988, and the Eighth Amendment to the United States Constitution, as well as under California law as to the tort causes of action.

10.     This Court has personal jurisdiction over all Defendants in this case

BRIAN M. BUSH | Attorney at Law PC
(714) 371-2120  brian@bushjustice.com  www.bushjustice.com

because they are residents of and/or are doing business in the State of California.

11.    Venue is proper in this Court because, upon information and belief, Defendants reside within this judicial district and because the acts and omissions giving rise to Plaintiff's causes of action all occurred in the County of Sacramento, California.

## FACTUAL ALLEGATIONS

12.    On or about December 18, 2020, Plaintiff, a COUNTY JAIL inmate, was being transported by SCSO deputies to Rio Consumnes Correctional Center (hereinafter, "RCCC") by bus. Plaintiff was in the care and custody of the COUNTY and the SCSO deputies and/or employees operating the bus. Claimant believes there were two SCSO deputies operating the bus at the time of the transfer. The Complaint will refer to these SCSO deputies hereinafter as "DOES 1 and 2."

13.    During the transport, on the highway, the bus caught fire.

14.    DOES 1 and/or 2 continued driving the bus even though it started to fill with smoke and then at some point several minutes later, swerved the bus violently and eventually stopped the bus on the side of the highway and DOES 1 and 2 exited the bus. They did not evacuate Plaintiff or the other inmates.

15.    Instead of evacuating Plaintiff and the other inmates, DOES 1 and 2 stood on the side of the road and did nothing for an unreasonably long and dangerous period of time, despite seeing the bus fill with smoke and present an immediate threat of injury or death to Plaintiff and the other inmates.

16.    Additional SCSO deputies and/or employees (numbers and names unknown at this time) arrived on scene. The Complaint will refer to these SCSO deputies hereinafter as "DOES 3-10 and 21-25."

17.    Additionally, a number of CHP officers (numbers and names unknown at this time) arrived on scene. The Complaint will refer to these CHP officers hereinafter as "DOES 11-20 and 26-30."

18.    Despite the growing number of deputies and officers responding, DOES

BRIAN M. BUSH | Attorney at Law PC
(714) 371-2120  brian@bushjustice.com  www.bushjustice.com

1-30, and each of them, delayed responding to evacuate, rescue, summon or provide medical aid, or even assist Plaintiff and the other inmates for an unreasonable and unjustified amount of time, exposing them to further danger, injury, and fear of the death.

19.    Plaintiff witnessed, through his window, several of the SCSO deputes and/or CHP officers, identities unknown at this time, laughing at the inmates in the bus, Plaintiff included, as they stood on the side of the road while the situation inside the bus became more dire as the bus was filling with smoke.

20.    DOES 1-30's unreasonable, inhumane, and unjustified delay in rescuing Plaintiff and the other inmates from the bus fire lasted, on information and belief, at least approximately ten to fifteen minutes and likely up to thirty to forty minutes before Plaintiff was eventually taken off the bus.

21.    During that time period, the bus filled with harmful toxic smoke which threatened to suffocate Plaintiff and the other inmates trapped inside. Plaintiff, as an inmate wholly within the care and custody of SCSO deputies at the time, was completely powerless to free himself from the bus.

22.    Eventually, Plaintiff and the other inmates were removed from the bus. Instead of calling for EMS or any medical aid services, to administer aid and medical attention to Plaintiff, DOES 1-30 placed Plaintiff and the other inmates on another vehicle to complete their transfer. Plaintiff did not receive medical attention until, on information and belief, on or about December 22, 2020. Only then, four days later, was Plaintiff treated for smoke inhalation and x-rays ordered. Plaintiff further received a diagnosis of Bell's Palsy on or about December 28, 2020. Plaintiff was released from RCCC on January 10, 2021. He currently resides in Sacramento County, California.

**INJURIES:**

23.    During the incident, and because of the DOES 1-30's unreasonable, inhumane, and unjustified delay in rescuing Plaintiff from the burning bus, Plaintiff

BRIAN M. BUSH | Attorney at Law PC
(714) 371-2120  brian@bushjustice.com  www.bushjustice.com

had no choice but to breathe in the harmful smoke filling the bus, causing injury and fear of death.

24.     Acting out of impulse in fear of suffocation and death, Plaintiff tried out of desperation to punch, pull, and kick out his window so that he could breathe, causing injury to his right hand, wrist, forearm, and right foot.

25.     In addition to the injuries to Plaintiff's right hand, wrist, forearm, and foot, which required medical treatment, Plaintiff also suffered acute fear of death during incident; toxic smoke inhalation; difficulty breathing post-incident; and has suffered and continues to suffer from anxiety and nightmares of burning and death since the incident. Furthermore, upon information and belief, Plaintiff has suffered possible nerve damage to his right hand and arm which may require future medical treatment. Lastly, Plaintiff suffered an episode of Bell's Palsy after the incident, which upon information and belief, was caused by the toxic smoke inhalation during the incident, and which caused Plaintiff further physical harm and emotional and psychological pain and humiliation associated with the disfigurement caused by Bell's Palsy.

**GOVERNMENT CLAIM REQUIREMENT:**

26.     On May 27, 2021, pursuant to Gov. Code §§ 910, *et seq.* Plaintiff submitted by mail two government claims, one each to Defendant COUNTY and to the State of California as to the CHP officers', DOES 11-20 and 26-30's acts and omissions, respectively.

27.     On August 18, 2021, Plaintiff received a letter from COUNTY's Claims Administrator, notifying Plaintiff that his claim against Defendant COUNTY was rejected. Defendant COUNTY's letter contained the statutorily required notice language pursuant to Gov. Code § 913.

28.     On November 11, 2021, Plaintiff received a letter from the State of California, notifying Plaintiff that his claim against the State of California for the CHP DOES was also being rejected. The State of California's letter contained the

statutorily required notice language pursuant to Gov. Code § 913.

**FIRST CAUSE OF ACTION**
***FAILURE TO PROTECT—42 U.S.C. § 1983***
***Against DOES 1-30***

29.    Plaintiff re-alleges and incorporates herein by reference each allegation and statement contained in the prior paragraphs.

30.    The Eighth Amendment to the Constitution of the United States prohibits cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble* (1976) 429 U.S. 97, 102 (citation and internal quotation marks omitted).

31.    Failing to protect an inmate from known, obvious, serious risks to the inmate's health or safety give rise to liability under the Eighth Amendment. *Famer v. Brennan* (1994) 511 U.S. 825.

32.    42 U.S.C. § 1983 (hereinafter, "Section 1983") allows a private right of action to citizens claiming a violation of their federal constitutional rights by a person acting under color of state law. Plaintiff brings this cause of action pursuant Section 1983.

33.    At all times relevant to this cause of action, DOES 1-30 were on-duty licensed law enforcement officers employed by SCSO and Defendant COUNTY (as to DOES 1-10 and 21-25), or CHP (as to DOES 11-20 and 26-30), with the authority to enforce the laws and execute the police powers of the State. Accordingly, DOES 1-30, when committing the acts and omissions alleged in this Complaint were acting under color of state law.

34.    Plaintiff, as an inmate in SCSO's care and custody during the bus transport, was detained within the bus and physically incapable of freeing himself from the bus in the event the bus caught fire and filled with smoke and thus, was completely dependent upon the deputies transporting him, DOES 1 and 2, as well as the responding deputies and officers, DOES 3-30, to save him from imminent injury

BRIAN M. BUSH | Attorney at Law PC
(714) 371-2120   brian@bushjustice.com   www.bushjustice.com

and possibly death once the bus caught fire.

35.    The bus fire presented a patently obvious risk of imminent injury and death to Plaintiff.

36.    In light of the obvious risk of injury and death to Plaintiff, the acts and omissions of DOES 1-30 in delaying rescue attempts for no legitimate purpose, standing on the side of the road and (as to several DOE Defendants) laughing at Plaintiff and the other trapped inmates, and by leaving Plaintiff in a burning bus filling up with toxic smoke for up to approximately thirty to forty minutes, before finally freeing Plaintiff constituted deliberate indifference to Plaintiff's health and safety in violation of the Eighth Amendment.

37.    Plaintiff was harmed by Defendants' conduct as set forth in paragraphs 23-25.

38.    Defendants' conduct was the actionable cause of the injuries and harms alleged more specifically in paragraphs 23-25, including medical care past, present and future, and noneconomic damages for physical and severe emotional harm past, present and future, all in amounts according to proof at trial and in excess of the jurisdictional limits of this Court.

39.    The actions of DOES 1-30 as more fully set forth in paragraphs 12-25, which are fully incorporated and re-stated herein by reference, were committed with intent to harm, punish, "teach Plaintiff a lesson", or were otherwise so objectively unreasonable and inhumane as to constitute reckless disregard for Plaintiff's life and safety. DOES 1-30 were consciously aware of the wrongfulness and harmfulness of their conduct as they ignored the patently obvious danger to Plaintiff and allowed Plaintiff to suffer as the bus filled with smoke while they stood outside and watched, and while several of said DOE Defendants even laughed at Plaintiff. The actions of DOES 1-30, as alleged, were therefore willful, wanton, malicious, and oppressive, justifying an award of exemplary and punitive damages as to said Defendants.

///

BRIAN M. BUSH | Attorney at Law PC
(714) 371-2120  brian@bushjustice.com  www.bushjustice.com

BRIAN M. BUSH | Attorney at Law PC
(714) 371-2120  brian@bushjustice.com  www.bushjustice.com

## SECOND CAUSE OF ACTION
### *FAILURE TO INTERVENE—42 U.S.C. § 1983*
### *Against DOES 3-30*

40.     Plaintiff re-alleges and incorporates herein by reference each allegation and statement contained in the prior paragraphs.

41.     It is firmly established in our laws, and law enforcement officers are charged to know and understand, that they have a duty to intervene when their fellow officers violate the constitutional rights of another person. *E.g., Cunningham v. Gates* (9th Cir. 2000) 229 F.3d 1271. Failure to intervene is a violation of the same constitutional right infringed by their fellow officers who committed the affirmative acts causing the constitutional violation.

42.     42 U.S.C. § 1983 allows a private right of action to citizens claiming a violation of their federal constitutional rights by a person acting under color of state law. Plaintiff brings this cause of action pursuant Section 1983.

43.     At all times relevant to this cause of action, DOES 3-30 were on-duty licensed law enforcement officers employed by SCSO and Defendant COUNTY (as to DOES 3-10 and 21-25), or CHP and STATE OF CALIFORNIA (as to DOES 11-20 and 26-30), with the authority to enforce the laws and execute the police powers of the State. Accordingly, DOES 3-30, when committing the acts and omissions alleged in this Complaint were acting under color of state law.

44.     During the bus fire incident, DOES 3-30 arrived on-scene to witness DOES 1 and 2 standing outside the bus while Plaintiff and the other inmates trapped inside were stuck in a rapidly deteriorating and life-threatening situation. Accordingly, DOES 3-30, and each of them, had a duty under the law to intervene, but did not intervene to stop DOES 1 and 2 from violating Plaintiff's constitutional rights by failing to rescue Plaintiff from the burning bus. Instead, DOES 3-30 joined DOES 1 and 2 on the side of the road in an egregious and unjustified delay of approximately thirty to forty minutes as the bus filled with smoke and as Plaintiff and

the other inmates suffered smoke inhalation, injury, and fear of death.

45.     As a result of the failure to intervene of DOES 3-30, Plaintiff suffered violations of his constitutional rights as detailed in paragraphs 14-25 and 29-39, and further suffered injury and harm as more specifically detailed in paragraphs 23-25.

46.     But for Defendants' failure to intervene, DOES 1 and 2, and subsequently as they arrived DOES 3-30, would not have been able to commit the violations of Plaintiff's constitutional rights as alleged throughout this Complaint, or cause his physical and emotional harm and injury as alleged above, and thus the failure to intervene is an actionable cause of the injuries and harms alleged, including medical care past, present and future, and noneconomic damages for physical and severe emotional harm past, present and future, all in amounts according to proof at trial and in excess of the jurisdictional limits of this Court.

**THIRD CAUSE OF ACTION**
***SUPERVISORY LIABILITY—42 U.S.C. § 1983***
***Against DOES 21-30***

47.     Plaintiff re-alleges and incorporates herein by reference each allegation and statement contained in the prior paragraphs.

48.     42 U.S.C. § 1983 allows a private right of action to citizens claiming a violation of their federal constitutional rights by a person acting under color of state law. Plaintiff brings this cause of action pursuant Section 1983.

49.     A supervisor is liable for the constitutional violations of his subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List* (9th Cir. 1989) 880 F.2d 1040, 1045 (citations omitted).

50.     At all times relevant to this cause of action, DOES 21-30 were on-duty licensed law enforcement officers employed by SCSO and Defendant COUNTY (as to DOES 21-25), or CHP and STATE OF CALIFORNIA (as to DOES 26-30), with the authority to enforce the laws and execute the police powers of the State.

BRIAN M. BUSH | Attorney at Law PC
(714) 371-2120  brian@bush4justice.com  www.bush4justice.com

Accordingly, DOES 21-30, when committing the acts and omissions alleged in this Complaint were acting under color of state law.

51.     On information and belief, DOES 21-30 were ranking officers on December 18, 2020, and/or were the ranking officer(s) on scene during the bus fire or otherwise held supervisory authority over DOES 1-20 during the bus fire incident and immediately thereafter, in reviewing the incident and ratifying the conduct of DOES 1-20 during the bus fire incident.

52.     During the bus fire incident, upon information and belief, DOES 21-30 were present, nearby, heard and saw Plaintiff in dire need of help and at risk of injury or death, heard and saw DOES 1-20 delaying any rescue attempts for no justifiable reason and for an unreasonable amount of time, and were close enough to DOES 1-20 to have had a reasonable opportunity to stop DOES 1-20 from violating Plaintiff's constitutional rights.

53.     As set forth in more detail in paragraphs 12-22, and 29-46, the failure to pull Plaintiff from the burning bus and callous delay in helping Plaintiff despite the obvious risk the fire and smoke presented to Plaintiff's health and safety constituted a violation of Plaintiff's constitutional rights under the Eighth Amendment. Accordingly, DOES 21-30, as DOES 1-20's supervisors and/or ranking officers, had a duty under the law to intervene and stop DOES 1-20 from violating Plaintiff's constitutional rights and cease the harm and pain being inflicted upon Plaintiff.

54.     DOES 21-30, however, did not stop the civil rights violations against Plaintiff and instead, allowed DOES 1-20 to violate Plaintiff's civil and constitutional rights and furthermore, upon information and belief, ratified and approved of DOES 1-20's actions after the fact.

55.     DOES 21-30's knowledge and acquiescence in the unconstitutional conduct of their subordinates, manifest deliberate indifference to Plaintiff's rights under the Eighth Amendment.

56.     As a result of DOES 21-30's failure to intervene as ranking officers,

Plaintiff suffered violations of his constitutional rights as detailed in paragraphs 12-22 and 29-46, and further suffered injury and harm as more specifically detailed in paragraphs 23-25.

57.     But for DOES 21-30's failure to intervene as ranking officers, DOES 1-20 would not have been able to commit the violations of Plaintiff's constitutional rights as alleged throughout this Complaint, or cause his physical and emotional harm and injury as alleged above, and thus the failure to intervene is an actionable cause of the injuries and harms alleged, including medical care past, present and future, and noneconomic damages for physical and severe emotional harm past, present and future, all in amounts according to proof at trial and in excess of the jurisdictional limits of this Court.

## FOURTH CAUSE OF ACTION
### NEGLIGENCE
### Against all Defendants

58.     Plaintiff re-alleges and incorporates herein by reference each allegation and statement contained in the prior paragraphs.

59.     As law enforcement professionals, DOES 1-30 owed Plaintiff a duty of reasonable care in the performance of their duties when they encountered Plaintiff on or about December 18, 2020, and responded to an emergent situation involving a bus fire during Plaintiff's transport to RCCC.

60.     The duty of care owed to Plaintiff by DOES 1-30 included a duty to protect Plaintiff from reasonably foreseeable imminent harm and danger to his person.

61.     Plaintiff, as an inmate in SCSO's care and custody during the bus transport, was detained within the bus and physically incapable of freeing himself from the bus in the event the bus caught fire and filled with smoke and thus, was completely dependent upon the deputies transporting him, DOES 1 and 2, as well as the responding deputies and officers, DOES 3-30, to save him from imminent injury and possibly death once the bus caught fire.

BRIAN M. BUSH | Attorney at Law PC
(714) 371-2120  brian@bushjustice.com  www.bushjustice.com

62.    The bus fire presented a patently obvious risk of imminent injury and death to Plaintiff that was foreseeable to any reasonable person in the position of DOES 1-30.

63.    DOES 1-30 breached their duty of care by negligently and carelessly delaying rescue attempts for no legitimate purpose, standing on the side of the road and (as to several DOE Defendants) laughing at Plaintiff and the other trapped inmates, and by leaving Plaintiff in a burning bus filling up with toxic smoke for up to approximately thirty to forty minutes, before finally freeing Plaintiff from the burning bus only after Plaintiff had, by that point in time, suffered physical injuries and severe emotional and mental distress.

64.    When committing the acts and omissions alleged DOES 1-30 were on-duty, in uniform as SCSO and CHP officers, respectively, and were thus acting within the course and scope of their employment with Defendants COUNTY and STATE OF CALIFORNIA, respectively.

65.    Furthermore, with respect to the acts and omissions of DOES 1 and 2, said DOES were "Employee(s)" of Defendant COUNTY and the COUNTY is a "Public Entity" as those terms are defined in California Vehicle Code § 17000. DOES 1 and 2, owed a duty of care as operators of the transfer bus to operate that bus with the same care as a reasonably prudent person under the same or similar circumstances. This duty included the duty to ensure that the bus was safe to operate and would not catch fire while being operated under normal conditions. The duty also included a duty to the passengers of the bus, here, inmates including Plaintiff, to prevent reasonably foreseeable harm to said passengers when the bus caught fire.

66.    By driving the bus for a period of several minutes while it was on fire, swerving violently, stopping and exiting the bus without evacuating Plaintiff and the other inmate to safety, DOES 1 and 2 breached their duty of care as Public Entity employee operators of the bus.

67.    The conduct of DOES 1-30 as alleged herein was a substantial factor in

causing the injuries and harms alleged more specifically in paragraphs 23-25, including medical care past, present and upon information and belief, future, and noneconomic damages for physical and severe emotional harm past, present and future, all in amounts according to proof at trial and in excess of the jurisdictional limits of this Court.

68.    As to the conduct of DOES 1 and 2, Defendant COUNTY is liable in *respondeat superior* for the acts and omissions said DOES 1 and 2 pursuant to Vehicle Code § 17001.

69.    As to DOES 1-30 and not as to Defendant COUNTY: the actions of DOES 1-30 as more fully set forth in paragraphs 12-25, which are fully incorporated and re-stated herein by reference, were committed with intent to harm, punish, "teach Plaintiff a lesson", or were otherwise so objectively unreasonable and inhumane as to constitute reckless disregard for Plaintiff's life and safety. DOES 1-30 were consciously aware of the wrongfulness and harmfulness of their conduct as they ignored the patently obvious danger to Plaintiff and allowed Plaintiff to suffer as the bus filled with smoke while they stood outside and watched, and while several of said DOE Defendants even laughed at Plaintiff. The actions of DOES 1-30, as alleged, were therefore willful, wanton, malicious, and oppressive, justifying an award of exemplary and punitive damages as to said Defendants.

### FIFTH CAUSE OF ACTION
### *NEGLIGENCE*
### *Against all DEFENDANTS*

70.    Plaintiff re-alleges and incorporates herein by reference each allegation and statement contained in the prior paragraphs.

71.    At all times relevant to the allegations in this Complaint, Defendants DOES 1-30 owed a duty of care to Plaintiff, as a JAIL inmate, to provide for his safety and wellbeing and protect Plaintiff from known and unreasonable severe risks of physical injury and impairment and to summon timely and necessary medical aid or

BRIAN M. BUSH | Attorney at Law PC
(714) 371-2120  brian@bushjustice.com  www.bushjustice.com

to take Plaintiff to receive necessary medical diagnosis or medical care.

72.    Plaintiff is informed and believes and thereon alleges that on or about December 18, 2020, said DOES 1-30 did negligently and without due care, fail in their duties to protect Plaintiff by exposing him to further injury due to smoke inhalation, the exacerbation of hand and foot injuries due to Plaintiff's attempts to break the window to breathe, and likely the development of Bell's Palsy when without due care, said DOES 1-30 failed to timely summon medical care or take Plaintiff to seek appropriate and timely medical care, diagnosis or treatment, despite the fact that Plaintiff had just been exposed to significant toxic smoke inhalation while trapped on the transfer bus. Instead of calling for EMS or taking Plaintiff to receive medical treatment, said DOES 1-30 simply loaded Plaintiff on another transport to complete his transport to RCCC. Plaintiff did not receive medical treatment until approximately December 22, 2020.

73.    The exacerbation of the aforementioned injuries to Plaintiff as well as continued and prolonged pain and suffering occurred as a result of the absence on the part DOES 1-30 of due care for Plaintiff's safety and wellbeing and constituted an unreasonable failure of statutory and common law duties as well as COUNTY and State policy-imposed duties upon law enforcement professionals to summon timely and necessary medical aid when the need for said medical aid is apparent and necessary as it was for Plaintiff in this case. The negligent acts and omissions of DOES 1-30 in refusing to summon medical care for Plaintiff manifested a grossly unreasonable risk of further injury to Plaintiff.

74.    The injuries to Plaintiff and the pain and additional suffering caused by the negligence of DOES 1-30 was foreseeable because Plaintiff was seen by DOES 1-30 trapped inside a burning bus filling with toxic smoke for upwards of approximately thirty to forty minutes.

75.    Defendants' conduct as alleged herein is a substantial factor in causing and/or exacerbating the injuries and harms alleged more specifically in paragraphs

23-25, including medical care past, present and future, and noneconomic damages for physical and severe emotional harm past, present and future, all in amounts according to proof at trial and in excess of the jurisdictional limits of this Court

76.     Defendant COUNTY is liable as to the acts of omissions of DOES 1-10 and 21-25 under the principles of *respondeat superior* pursuant to California Government Code §§ 815.2, and 845.6.

**SIXTH CAUSE OF ACTION**
***INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS***
***Against DOES 1-30***

77.     Plaintiff re-alleges and incorporates herein by reference each allegation and statement contained in the prior paragraphs.

78.     The actions of DOES 1-30 in leaving Plaintiff trapped on a burning bus filling with smoke, while they delayed and stood watch on the side of the road, some of them laughing, were outrageous and exceeded the bounds of conduct usually tolerated in this society.

79.     The indifference and unreasonableness of DOES 1-30's conduct as set forth above and in further detail in paragraphs 12-22 illustrates an intent to cause Plaintiff to suffer emotional distress or at a minimum a reckless disregard of the probability that he would suffer emotional distress. Furthermore, it cannot be disputed that DOES 1-30 knew that Plaintiff was present when they committed the acts and omissions alleged herein.

80.     Plaintiff suffered severe emotional distress as set forth in detail throughout and in particular, in paragraphs 23-25.

81.     Defendants' conduct as alleged herein was a substantial factor in causing Plaintiff to suffer severe emotional distress and has resulted in Plaintiff sustaining noneconomic damages for severe emotional distress past, present and future, all in amounts according to proof at trial and in excess of the jurisdictional limits of this Court.

17
COMPLAINT

82.    The actions of DOES 1-30 as more fully set forth in paragraphs 12-25, which are fully incorporated and re-stated herein by reference, were committed with intent to harm, punish, "teach Plaintiff a lesson", or were otherwise so objectively unreasonable and inhumane as to constitute reckless disregard for Plaintiff's life and safety. DOES 1-30 were consciously aware of the wrongfulness and harmfulness of their conduct as they ignored the patently obvious danger to Plaintiff and allowed Plaintiff to suffer as the bus filled with smoke while they stood outside and watched, and while several of said DOE Defendants even laughed at Plaintiff. The actions of DOES 1-30, as alleged, were therefore willful, wanton, malicious, and oppressive, justifying an award of exemplary and punitive damages as to said Defendants.

**SEVENTH CAUSE OF ACTION**
*MONELL—42 U.S.C. § 1983*
*Against Defendant COUNTY*

83.    Plaintiff re-alleges and incorporates herein by reference each allegation and statement contained in the prior paragraphs.

84.    42 U.S.C. § 1983 allows a private right of action to citizens claiming a violation of their federal constitutional rights by a person acting under color of state law. Plaintiff brings this cause of action pursuant Section 1983.

85.    Defendant COUNTY is a municipality and local government entity and is a "person" for purposes of liability under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.* (1978) 436 U.S. 658, 690; *see also, See Jackson v. Barnes* (9th. Cir. 2014) 749 F.3d 755, 764. Furthermore, transfer of inmates is a procedural task unrelated to the punishment of inmates or the imposition of the inmate's sentence.

86.    Defendant COUNTY, through DOES 1-10 and 21-25, as well as its administrators and decision makers, knowingly, recklessly, and with reckless disregard for the health and safety of prisoners, including Plaintiff, promulgated, created, maintained, ratified, condoned and enforced a series of policies, procedures, customs and practices which allowed inadequate training for SCSO deputies and

BRIAN M. BUSH | Attorney at Law PC
(714) 371-2120  brian@bushjustice.com  www.bushjustice.com

procedure for SCSO deputies in the transfer of JAIL inmates by bus or other transfer vehicle, whereby inadequate staff-to-inmate ratios and lack of contingency plans in such situations presented a known and obvious risk to inmate safety should the bus or transfer vehicle suffer a sudden emergency, such as a fire.

87.    This series of policies, procedures, customs and practices, presented obvious risks of arbitrary denial of constitutional protections to inmates and detainees being transferred by vehicle in the care and custody of the SCSO, including, but not limited to, recklessly placing said inmates at imminent risk of death from being trapped inside a transfer bus were it to catch fire during transfer on the road or highway.

88.    These policies, procedures, customs and practices of Defendant COUNTY as alleged above were the moving forces behind the de facto custom and practice of permitting and condoning inadequate staff-to-inmate ratios and lack of contingency plans in transferring JAIL inmates which recklessly, and with deliberate indifference, ignored the obvious risks of such deficiencies in the event of a sudden vehicle incapacitation and emergency, such as a fire, and allowed SCSO deputies and employees, such as DOES 1-10 and 21-25, to engage in the careless and indifferent conduct complained of herein and throughout this complaint, leading to the violation of Plaintiff's rights under the Eighth Amendment. Accordingly, the custom, policy, practice and procedures described herein were a legal cause of Plaintiff's injuries and each individual Defendant, acting in accord with this custom, practice, policy, and procedure acted with deliberate indifference to the rights of Plaintiff.

89.    As a result, Plaintiff suffered violations of his constitutional rights as detailed in paragraphs 12-22 and 56-73, and further suffered injury and harm as more specifically detailed in paragraphs 23-25.

///

///

///

# PRAYER

Wherefore, Plaintiff prays for judgment as follows:

1. Noneconomic damages past, present, and future according to proof;

2. Economic damages for medical care past, present, and future in amounts according to proof;

3. Attorneys' fees pursuant to 42 U.S.C. § 1988 on the causes of action under 42U.S.C. § 1983;

4. Costs of litigation as permitted by law;

5. Pre-judgment and post-judgment interest as permitted by law; and

6. Any such further relief that the Court finds just.

*Jury Demand on next page.*

DATED:  February 17, 2022          BRIAN M. BUSH | Attorney at Law PC



By: _____
    BRIAN M. BUSH
    Attorney for Plaintiff, Marc A. Lucero

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BRIAN M. BUSH | Attorney at Law PC**
(714) 371-2120  brian@bushjustice.com  www.bushjustice.com

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands that this matter be set for a jury trial.

DATED:  February 17, 2022                    **BRIAN M. BUSH** | Attorney at Law PC



By: _____
BRIAN M. BUSH
Attorney for Plaintiff, Marc A. Lucero